IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LEROY DEXTER CAIN,**

Petitioner,

v.                                                          Civil Action No. **3:16CV267**

**HAROLD CLARKE,**

Respondent.

## MEMORANDUM OPINION

Leroy Dexter Cain, a Virginia inmate proceeding *pro se* and *in forma pauperis,* filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging, *inter alia,* the revocation of his parole.[1] Cain argues entitlement to relief upon the following grounds:[2]

| | |
|---|---|
| Claim One: | In revoking Cain's parole, the Virginia Parole Board ("VPB") failed to provide the minimum process required by the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471 (1972). (§ 2254 Pet. 13.) |
| Claim Two: | Cain's rights were violated when the VPB revoked Cain's 17 years, 11 months, and 4 days of good conduct time without affording Cain any due process. (*Id.*) |
| Claim Three: | The Commonwealth breached a verbal agreement made to Cain not to revoke his release on mandatory parole and 17 years, 11 months, and 4 days of earned good conduct time in exchange for his pleas of guilty to the new charges. (*Id.*) |

---

[1] The Court employs the paginations assigned to the § 2254 Petition by the CM/ECF docketing system.

[2] Cain failed to clearly set forth his claims for relief in his § 2254 Petition. Instead, he states that he seeks to raise the "same grounds" as raised in his state habeas proceedings and attaches copies of documents from those proceedings to his § 2254 Petition. (§ 2254 Pet. 3, 5.) Accordingly, the Court deems Cain to raise essentially the same claims presented during his state habeas proceedings.

| Claim Four: | The VPB violated Cain's right to equal protection and fair warning that his earned good conduct time credits would be revoked if he violated the conditions of his parole. (*Id.*) |
|---|---|

Respondent moves to dismiss the § 2254 Petition. For the reasons explained below, the Motion to Dismiss (ECF No. 9) will be GRANTED.

## I. Procedural and Factual History

On November 30, 2011, Cain filed a petition for a writ of habeas corpus with the Circuit Court of the City of Richmond ("Circuit Court"). (§ 2254 Pet. 19.) The Circuit Court provided the following accurate summary of the procedural history of this matter:

> Petitioner was released from custody on parole in November 2008 after serving nearly 21 years of a 39-year sentence for attempted robbery with use of a firearm and three counts of armed robbery. Petitioner was then arrested in March 2010 and charged with robbery and malicious wounding, among other crimes. He pleaded guilty on April 12, 2011, to a number of offenses and received a 45-year sentence, with 37 years suspended, resulting in an active sentence of eight years.
>
> After pleading guilty, he was brought back into detention and received notice of a parole violation hearing to be held on May 13, 2011. Petitioner claims this hearing never occurred. The Virginia Parole Board (the "Board") has searched its records and has not found any evidence of a parole hearing for Petitioner on this date. The Board does not admit that the hearing never occurred; only that they do not have sufficient evidence of the hearing in their records. So out of an abundance of caution, the Board scheduled another revocation hearing for April 10, 2012. This hearing *did* take place, Petitioner's parole was revoked because of his recent convictions, and the unserved sentence from his original convictions was reinstated.

(§ 2254 Pet. 19–20.)[3]

## II. Applicable Constraints Upon Habeas Review

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus.

---

[3] Cain attached a copy of the Circuit Court's order to his § 2254 Petition. For ease of reference, the Court simply cites to the appropriate page of the § 2254 Petition.

Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## III. Analysis

### A. Claim One

In Claim One, Cain complains that the VPB failed to afford him the procedural due process rights required by the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471 (1972). In that case, the Supreme Court held that at the final revocation hearing the parolee must be afforded:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 489. Additionally, the final revocation hearing must occur within a reasonable time after the parolee is taken into custody for the alleged violation of parole.[4] *Id.* at 488.

In rejecting Claim One, the Circuit Court found:

> The Court believes that the minimum due process requirements of *Morrissey* were satisfied in the instant matter. On March 23, 2012, Petitioner was provided written notice of his final revocation hearing. Instead of acknowledging this notice of hearing with his signature, Petitioner wrote "on the advise [sic] of my attorney I object to the hearing because it is illegal & unconstitutional." Resp't Mot. Dismiss of April 20, 2015, Ex. C. Rather than being affirmatively denied the right to a final parole revocation hearing, it appears to the Court that Petitioner chose not to meaningfully participate in the final revocation hearing. Believing that the delay in holding this final hearing would protect Petitioner, he did not procure the appearance of his lawyer or any witnesses. Essentially, Petitioner was given the opportunity to contest the revocation of his parole, but chose not to take it.

(§ 2254 Pet. 21.) The Circuit Court further noted:

> The record before the Court reflects that the other requirements outlined in *Morrissey* were satisfied. Petitioner was provided with the evidence against him at the April 12, 2012 hearing; a "neutral and detached" hearing body conducted the proceedings, Petitioner had the right to cross-examine the witnesses, if any, at the hearing; and a written statement of the evidence relied upon and reasons for revoking parole was provided after the hearing.

*Id.* at n.1. Because Cain received all the process to which he was constitutionally entitled, Claim One lacks merit and will be DISMISSED.

### B. Claims Two and Four

In Claims Two and Four, Cain asserts that the VPB violated his due process and equal protection rights by forfeiting the good conduct time he had earned prior to his release on mandatory parole. A proper understanding of these claims requires a brief review of Cain's release on mandatory parole. In 1998, Cain was sentenced to 39 years of imprisonment for three

---

[4] Cain, however, cannot complain about any delay in conducting the final revocation hearing, because Cain's detention flowed from new criminal charges. The VPB "has no constitutional duty to provide [a] petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant." *Moody v. Daggett*, 429 U.S. 78, 89 (1976).

counts of armed robbery and one count of attempted robbery and use of a firearm ("1998 convictions"). (§ 2254 Pet. 1.) While serving his sentence on his 1998 convictions, Cain earned 17 years, 11 months, and 4 days of the good time credits. (*Id.* at 13.) This accumulation of good time credits allowed Cain "to win early release on parole." *Brown-El v. Va. Parole Bd.*, 948 F. Supp. 558, 561 (E.D. Va. 1996).

Upon determining that a parolee has violated the terms of his or her parole, section 53.1–165 of the Code of Virginia provides that the VPB, "in its discretion, may revoke the parole and order the reincarceration of the prisoner for the unserved portion of the term of imprisonment originally imposed upon him." Additionally,

> [i]n 1994, the Virginia legislature amended § 53.1–159 to give the Parole Board authority to forfeit a mandatory parole violator's good time credits. The amended statute provides that prisoners who have their parole revoked may have "to serve the full portion of the term imposed by the sentencing court which was unexpired when the prisoner was released on parole." Va. Code Ann. § 53.1–159 (Michie 1998). In 1995, the Parole Board adopted a new policy that required all mandatory parole violators to serve all of their original sentences without the benefit of their accumulated good time credits.

*Warren v. Baskerville*, 233 F.3d 204, 206 (4th Cir. 2000)

Here, Cain violated the terms of his parole by committing new crimes. Thus, the VPB properly exercised its statutory authority to reincarcerate Cain for the entire unserved portion of his sentence, without the benefit of any previously accrued good time credits. *Id.* at 207 (quoting Va. Code Ann. § 53.1–165(A)). The foregoing statutes provided Cain with clear notice that he could lose the benefit of all earned good time credits by violating parole. Further, Cain was not entitled to any additional notice with respect to his good time credits.

> [Cain] was never deprived of his good time credits by the VPB. To the contrary, he received all the good time credits he was entitled to pursuant to Virginia Code § 53.1–199 and these credits were then fully "used up" to allow [Cain's] early release. [Cain's] good time credits no longer existed at the time of his early release on parole because they had been "used up," much like the money used to purchase a theater ticket is "used up." To continue this analogy, when [Cain] had

5

> violated his parole and, as a consequence, was incarcerated by the VPB, it is
> much like the ticket purchaser being ejected from the theater for misbehavior. The
> ticket purchaser spent or "used up" his money to gain entry into the theater. His
> ejection from the theater for misbehavior in no way deprived him of the money he
> paid for the ticket. That money, like [Cain's] good time credits, had already been
> spent to buy the right to enter the theater or in [Cain's] case, the right to early
> release from prison.

*Brown-El*, 948 F. Supp. at 561. Accordingly, the due process aspects of Claims Two and Four

lack merit and will be DISMISSED.

Cain also alleges, with little to no explanation, that his equal protection rights were

violated by the loss of his good time credits. An equal protection claim arises when, without

adequate justification, similarly situated persons are treated differently by a governmental entity.

US Const. amend XIV. Even so, "[t]he Constitution does not require things which are different

in fact or opinion to be treated in law as though they are the same." *Tigner v. Texas*, 310 U.S.

141, 147 (1940). "When alleging an equal protection violation, a plaintiff must make a threshold

showing that he and the comparator inmate were treated differently and were similarly situated."

*Wright v. Johnson*, No. 3:01CV215, 2001 WL 34644299, at *2 (E.D. Va. July 16, 2001)

(citations omitted), *aff'd*, 26 F. App'x 329 (4th Cir. 2002). Cain fails to identify any comparator

inmate to whom he was similarly situated and treated differently. Accordingly, the equal

protection aspects of Claims Two and Four lack merit and will be DISMISSED.

## C. Claim Three

In Claim Three, Cain complains that the Commonwealth breached a verbal agreement

made to Cain not to revoke his release on mandatory parole and 17 years, 11 months, and 4 days

of earned good conduct time in exchange for his pleas of guilty to the new charges. The Circuit

Court concluded this claim lacked factual merit:

> Petitioner argues that he was promised that his parole and earned good conduct
> time would not be revoked if he entered into the plea agreement executed on April
> 12, 2011. However, the plain language of the plea agreement belies this

6

argument. It states that "[t]he written Plea Agreement contains the entire agreement between the parties, both oral and written." There is no language in the Plea Agreement indicating that Petitioner was shielded from having his parole or earned good time revoked for pleading guilty to multiple felonies. Petitioner's misapprehension of this fact does not warrant the relief requested.

(§ 2254 Pet. 22 (alteration in original).) Cain fails to direct the Court to any clear and convincing evidence to rebut the Circuit Court's factual finding that his plea agreement did not contain any promise not to revoke his good time credits. Accordingly, Claim Three lacks merit and will be DISMISSED.

### IV. Conclusion

Cain's claims will be DISMISSED. Respondent's Motion to Dismiss (ECF No. 9) will be GRANTED. The § 2254 Petition will be DENIED and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Cain fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/

Roderick C. Young
United States Magistrate Judge

Date: August 31, 2017
Richmond, Virginia